# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANICE A. KIM, | Case No. 1:16-cv-1190 LJO DLB (PC) |
| Plaintiff, | ORDER (1) DIRECTING CLERK'S OFFICE TO SEND COMPLAINT FORM, (2) DISMISSING COMPLAINT, AND (3) REQUIRING PLAINTIFF TO FILE AMENDED COMPLAINT OR NOTICE OF VOLUNTARY DISMISSAL WITHIN THIRTY DAYS |
| v. | |
| ODGLESBY, et al., | |
| Defendants. | |
| | [ECF No. 1] |

Plaintiff Janice A. Kim or Robey Hairston ("Plaintiff"), a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 on August 8, 2016.[1] The Sacramento Division of the United States District Court for the Eastern District of California transferred the action to the Fresno Division given Plaintiff's present incarceration at California Correctional Institution ("CCI") in Tehachapi, California, as venue for claims arising out of conditions of confinement at CCI is proper in this district. 28 U.S.C. § 1391(b). However, the precise basis for Plaintiff's legal claims are unclear, and Plaintiff shall be required to clarify the nature of her claims. *See* 28 U.S.C. § 1915A(a) (courts are required to review complaints brought by prisoners against governmental entities or against officers or employees of governmental entities).

---

[1] The Complaint alternates identifying Plaintiff and Plaintiff's attorney as Janice A. Kim and Robey Hairston.

I.     **Nature of Claim**

Plaintiff is incarcerated at CCI and if she seeks to litigate her conditions of confinement at CCI in this action, venue is proper in this district.  28 U.S.C. § 1391(b).  Nevertheless, the complaint is devoid of sufficient supporting facts.  Plaintiff states only that a Parker Curliss handcuffed someone and then assaulted and beat that individual until unconscious.  In addition, Plaintiff only lists general causes of action such as personal injury, wrongful death, general negligence, intentional tort, products liability, premises liability, malice, fraud, oppression, mental anguish, and police brutality.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not.  *Iqbal*, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of her rights.  *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

Further complicating matters in this case is the failure to properly identify Plaintiff.  In some areas of the complaint, the plaintiff is listed as Robey Hairston.  In other areas, the plaintiff is listed as Janice A. Kim.  In addition, in areas of the complaint, Janice A. Kim is listed as the attorney for Plaintiff.  However, it cannot be determined who these individuals are in relation to

2

the case, and there is no indication that Janice A. Kim is a licensed attorney representing Plaintiff. "[A] non-lawyer 'has no authority to appear as an attorney for others than himself.'" *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) (quoting *C. E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)).

The Court will direct the Clerk's Office to provide Plaintiff with a complaint form. Plaintiff shall file an amended complaint setting forth her claims and facts supporting her claims that her federal rights were violated through the conditions of confinement at CCI. In the alternative, if Plaintiff no longer wishes to pursue this action, she may file a notice of voluntary dismissal. Fed. R. Civ. P. 41(a)(1)(A)(i).

## II.     Order

Based on the foregoing, it is HEREBY ORDERED that:

1. The complaint is DISMISSED with leave to amend;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff SHALL FILE an amended complaint, or a notice of voluntary dismissal; and
4. The failure to comply with this order will result in dismissal of this action.

IT IS SO ORDERED.

Dated:   **August 23, 2016**                              /s/ Dennis L. Beck
                                                                UNITED STATES MAGISTRATE JUDGE